Filed 4/21/21  IRA Resources v. Mendoza CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| IRA RESOURCES,<br><br>　　　Cross-Defendant and<br>　　　Appellant,<br><br>v.<br><br>JUSTIN MENDOZA,<br><br>　　　Defendant, Cross-Complainant<br>　　　and Respondent. | A156719<br><br>(Contra Costa County<br>Super. Ct. No. MSC17-00093) |

Plaintiff Felix The sued defendant Justin Mendoza and his mother, Zenaida Mendoza, for breach of contract due to failure to make timely payments on a promissory note and sought reformation of the deed of trust securing the note so that Felix The could foreclose on their property.  A default and default judgment were entered, the deed of trust was subsequently assigned to IRA Resources fbo Richard M. Glantz, 35-36506 ("IRA Resources"), and IRA Resources initiated non-judicial foreclosure proceedings on the property.

Justin Mendoza then successfully moved to set aside the default and default judgment, and filed a cross-complaint naming IRA Resources as a cross-defendant.  IRA Resources moved to strike causes of action in the cross-complaint for wrongful foreclosure, intentional infliction of emotional distress

1

(IIED), and negligent infliction of emotional distress (NIED) under California's anti-SLAPP statute, Code of Civil Procedure section 425.16.[1]

The trial court denied the motion, finding that the three causes of action did not arise from protected activity. We agree with the trial court that the wrongful foreclosure cause of action does not arise from protected activity. We conclude, however, that the IIED and NIED causes of action are "mixed" causes of action arising from both protected and unprotected activity, and that Justin Mendoza has not met his burden to show a probability of prevailing on the merits of these claims to the extent they are based on protected activity. We therefore reverse the order denying the motion to strike solely as to these portions of the IIED and NIED causes of action, and strike the supporting allegations from the cross-complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Felix The's Prior Complaint

In July 2016, Felix The filed an action for breach of contract against Pia Gutierrez and Zenaida Mendoza. The complaint contained the following allegations. Pia Gutierrez proposed that Felix The loan Zenaida Mendoza $35,000, and prepared a promissory note secured by a deed of trust on her property. The note, however, did not include a due date so it was "not possible to foreclose on the note for non-payment" when timely payments were not made. The complaint requested reformation of the note to insert a due date of November 6, 2016.

In October 2016, the trial court entered default judgment against Zenaida Mendoza and reformed the note to add that it was " '*all due and payable on November 4, 2016.*' "

---

[1]     Unless otherwise indicated, all further section references will be to the Code of Civil Procedure.

## B. Felix The's Complaint in this Action

In January 2017, Felix The filed this action for breach of contract against Justin Mendoza and Zenaida Mendoza, as well as Pia Gutierrez. The complaint alleged that the deed of trust securing the note was only executed by Zenaida Mendoza, even though Justin Mendoza was on the title to the property and it was agreed that all parties in title would execute the deed of trust. It also alleged that Felix The "desires to foreclose but is hampered by the absence of Justin Mendoza's signature on the deed of trust." It requested reformation of the deed of trust to add Justin Mendoza's name.

In May 2017, Felix The assigned the deed of trust to himself and his wife, Angela The. In September 2017, the trial court entered default judgment against Justin Mendoza and reformed the deed of trust "adding the signature of Justin Mendoza . . . as if said signature had been subscribed on said document at the time of its original execution on or about November 2, 2006."

## C. Non-Judicial Foreclosure Proceedings

In October 2017, a Notice of Trustee's Sale on the property was recorded. In February 2018, an Assignment of Deed of Trust was recorded, transferring Felix and Angela The's interest to IRA Resources. A Trustee's Deed Upon Sale was also recorded, stating that the property had been purchased by IRA Resources at public auction.

## D. Justin Mendoza's Cross-Complaint

In August 2018, Justin Mendoza successfully moved to set aside the default and default judgment in this action, purportedly having learned of the "cloud on his title" while searching online for the property's market value. In September 2018, he filed a cross-complaint against IRA Resources along with Felix and Angela The. The cross-complaint asserts causes of action for:

3

(1) quiet title; (2) cancellation of instrument – deed of trust; (3) wrongful foreclosure; (4) IIED; (5) NIED; (6) injunctive relief; and (7) declaratory relief.

On the wrongful foreclosure claim, the cross-complaint alleges that the cross-defendants foreclosed on Justin Mendoza's interest in the property without right, constituting an illegal or fraudulent sale of his real property interest. Justin Mendoza was never an obligor on any debt, and the cross-defendants "utilized legal process in this Court to unlawfully and without notice" add his name to the note and deed of trust. The cross-defendants "then completed their unlawful and unnoticed foreclosure sale against [Mendoza's] interest."

On the IIED and NIED claims, the cross-complaint alleges that the cross-defendants wrongfully caused Justin Mendoza's name to be interlineated on the note and deed of trust and subsequently defaulted and foreclosed on his residence, causing him humiliation, mental anguish, emotional and physical distress. The NIED claim further alleges that the cross-defendants "took surreptitious and unlawful actions" to cause Justin Mendoza's name to be wrongfully added to the note and deed of trust.

### E. Anti-SLAPP Motion to Strike

IRA Resources filed an anti-SLAPP motion to strike the wrongful foreclosure, IIED, and NIED causes of action. It argued that these causes of action arose from protected activity and that Justin Mendoza could not prevail on the merits because the alleged conduct of the cross-defendants was privileged under Civil Code section 47, subdivision (b).

The trial court denied the motion in its entirety. It found that the three causes of action were not based on protected activity, and thus did not reach the question of whether Justin Mendoza had shown a probability of prevailing on the merits of these claims.

4

IRA Resources timely appealed.

**DISCUSSION**

## I.    The Anti-SLAPP Statute

Section 425.16 provides for the early dismissal of certain unmeritorious claims that thwart the exercise of a defendant's constitutional rights of petition or free speech.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.)  Under this statute, a defendant may file a special motion to strike claims "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)

Resolution of a special motion to strike requires the court to engage in the now familiar two-step process.  "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity."  (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 (*Equilon*).)  Protected activity is defined by section 425.16, subdivision (e) to include:  "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

5

The moving defendant must "demonstrate that the conduct by which the plaintiff claims to have been injured falls within one of those four categories" and "bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." (*Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122, 1130; *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).) When the plaintiff asserts a "mixed" cause of action, i.e. one "based on allegations of both protected and unprotected activity," the court must look at the protected activity and disregard the unprotected activity. (*Baral, supra*, 1 Cal.5th at p. 396.) If the court determines that relief is sought based on allegations arising from protected activity, the second step is reached. (*Ibid.*)

On the second step, "the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral, supra*, 1 Cal.5th at p. 384.) This determination follows a " 'summary-judgment-like procedure.' " (*Ibid.*) The inquiry is "limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (*Id.* at pp. 384–385.)

We review the trial court's ruling on an anti-SLAPP motion de novo and begin with the first step: protected activity. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

## II.    Protected Activity

IRA Resources argues that the wrongful foreclosure, IIED, and NIED causes of action arise from protected activity because they are based on the filing of this action to reform the deed of trust and add Justin Mendoza's signature.

" ' "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise

6

to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." ' " (*Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467, 1478 (*Feldman*).) "We are mindful that the lines drawn in these cases are fine ones. However, we are reminded by our Supreme Court . . . that the 'focus' of the statute 'is not the form of plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability[.]' " (*Id.* at p. 1483.) In other words, we disregard the *label* of a cause of action and instead examine its *gravamen*. (*Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 594.)

"Assertions that are 'merely incidental' or 'collateral' are not subject to section 425.16." (*Baral*, *supra*, 1 Cal.5th at p. 394.) "Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." (*Ibid.*) With these principles in mind, we turn to each of the challenged causes of action.

## A. Wrongful Foreclosure Cause of Action

On wrongful foreclosure cause of action, Justin Mendoza alleges that the cross-defendants foreclosed on his interest in the property without right, constituting an illegal or fraudulent sale of his real property interest. He also alleges that the cross-defendants "utilized legal process in this Court to unlawfully and without notice" add his name to the note and deed of trust, and "then completed their unlawful and unnoticed foreclosure sale against [his] interest." IRA Resources points to this allegation regarding the "legal process" to argue that the claim arises from protected activity.

We do not find the argument persuasive. Non-judicial foreclosure is not protected activity under the anti-SLAPP statute. (*Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1520 (*Garretson*) [explaining that non-judicial foreclosure is a private, commercial transaction that does not involve

7

legislative, executive, or judicial proceedings]; *Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 778 (*Crossroads*) ["The anti-SLAPP statute does not apply to claims of wrongful foreclosure arising from actions taken in a nonjudicial foreclosure proceeding"].) Justin Mendoza's allegations make clear that the conduct giving rise to cross-defendants' liability on this cause of action is the wrongful foreclosure itself. That is the gravamen of the claim. The additional allegation regarding Felix The's filing of this action to reform the deed of trust merely explains the context leading up to the wrongful foreclosure. (*Baral*, *supra*, 1 Cal.5th at p. 394.) We conclude that IRA Resources has not satisfied its threshold showing that the wrongful foreclosure cause of action arises from protected activity.

## B. IIED and NIED Causes of Action

On the IIED and NIED causes of action, Justin Mendoza alleges that cross-defendants committed three wrongful actions: (1) causing his name to be interlineated on the note and deed of trust; (2) defaulting on the note; and (3) foreclosing on his residence. IRA Resources points to this first action to argue that the claims arise from protected activity.

We agree that these are "mixed" causes of action, based on allegations of both protected (the filing of this action to reform the deed of trust) and unprotected (default and foreclosure) activity. (*Baral*, *supra*, 1 Cal.5th at p. 396.) " '[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest.' " (*Feldman*, *supra*, 160 Cal.App.4th at p. 1478.) Felix The's filing of this action is protected activity under the anti-SLAPP statute.

Justin Mendoza's reliance on *Garretson* and *Crossroads* does not alter our conclusion. In *Garretson*, the defendant initiated non-judicial foreclosure

8

proceedings through notices of default and trustee's sale. (*Garretson, supra*, 156 Cal.App.4th at p. 1513.) The plaintiff then filed a complaint that included a cause of action for wrongful foreclosure, and the defendant moved to strike the cause of action. (*Id.* at p. 1514.) *Garretson* concluded that the motion to strike was properly denied, as non-judicial foreclosure proceedings are not protected activity under the anti-SLAPP statute. (*Id.* at p. 1520.) It explained that a non-judicial foreclosure is statutorily based, and does not involve legislative, executive, or judicial proceedings. (*Ibid.*) Here, unlike *Garretson*, the allegedly wrongful conduct is based on a judicial proceeding: the filing of this action to reform the deed of trust and add Justin Mendoza's signature.

In *Crossroads*, the defendant initiated non-judicial foreclosure proceedings and the plaintiff filed for bankruptcy. (*Crossroads, supra*, 13 Cal.App.5th at p. 765.) The plaintiff then sued the defendant, alleging it did not respond to various requests made by the plaintiff in the bankruptcy proceedings, and the defendant moved to strike. (*Ibid.*) *Crossroads* acknowledged the general rule that the anti-SLAPP statute does not apply to claims arising from non-judicial foreclosure proceedings. It explained, however, that plaintiff's claims arose from the defendant's protected activity in the bankruptcy action, and that the context of the bankruptcy action "makes all the difference." (*Id.* at p. 778.)

So too here. This action to reform the deed of trust is a judicial proceeding, and Felix The's filing of the complaint is protected activity under the anti-SLAPP statute. We conclude that IRA Resources satisfied its threshold showing as to Justin Mendoza's IIED and NIED claims, to the extent they are based on the cross-defendants' efforts to reform the deed of trust. We thus proceed to the second step on these claims.

## III.  Likelihood of Prevailing

On this second step, we must determine whether Justin Mendoza established a likelihood of prevailing on the IIED and NIED claims based on the cross-defendants' protected activity.  (*Baral, supra,* Cal.5th at p. 396.) (*Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345, 1355 [we have the discretion to proceed to a second-step determination though the trial court did not reach this question.)  IRA Resources argue that he fails this second step because, to the extent the IIED and NIED claims are based on the filing of this action to reform the deed of trust, the claims are barred by the litigation privilege under Civil Code section 47, subdivision (b).  We agree.

"The litigation privilege is 'relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing.' " (*Feldman, supra,* 160 Cal.App.4th at p. 1485.)  Civil Code section 47, subdivision (b), provides that a " ' "publication or broadcast" ' " made as part of a " ' "judicial proceeding" ' " is privileged.  This privilege is absolute in nature, and applies to " ' "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." ' " (*Feldman, supra,* 160 Cal.App.4th at p. 1485.)  " 'The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." ' " (*Ibid.,* italics omitted.)

Instead of the absolute litigation privilege under Civil Code 47, subdivision (b), Justin Mendoza argues that the qualified common interest privilege under subdivision (c) should be applied here.  To support this argument, he relies on the proposition that the qualified common interest

10

privilege applies to non-judicial foreclosure. (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 339.) We reject this argument because, as explained above, Felix The's filing of this action to reform the deed of trust initiated a judicial proceeding. The litigation privilege under Civil Code section 47, subdivision (b) immunizes a defendant from tort liability for claims based on privileged communications, including claims for IIED and NIED. (*Feldman*, *supra*, 160 Cal.App.4th at p. 1486; *Kemps v. Beshwate* (2009) 180 Cal.App.4th 1012, 1019.) Accordingly, Justin Mendoza is barred from asserting such claims based on the filing of this action.

In sum, we conclude that Justin Mendoza has failed to establish a likelihood of prevailing on the IIED and NIED claims based on the cross-defendants' protected activity.

### DISPOSITION

The trial court's order on the motion to strike is reversed in part, and hereby modified to grant the special motion to strike as follows: (1) in paragraph 67, the phrase "Cross-complainant's name to be interlineated on a promissory note and deed of trust and Cross-defendants' subsequent" is stricken; (2) in paragraph 74, the phrase "Cross-complainant's name to be interlineated on a promissory note and deed of trust and Cross-defendants' subsequent" is stricken; and (3) paragraph 80 is stricken in its entirety. The order is otherwise affirmed.

Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.


*IRA Resources v. Mendoza/ A156719*